**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHANIE FEULNER, VERNON HITCHNER and VICTORIA SHUGART,**

        **Plaintiffs,**

**v.**    **Case No:  6:16-cv-875-Orl-40DCI**

**SOUTH REHABILITATION CENTER, INC. and DEDRIX DAKA,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:  PLAINTIFFS' OPPOSED MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. 62)**
>
> **FILED:     December 7, 2017**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

Stephanie Feulner, Vernon Hitchner, and Victoria Shugart (collectively, the Plaintiffs) filed this wage related action against Dedrix Daka, who is proceeding *pro se*, and South Rehabilitation Center, Inc. (SRC).[1] (collectively, the Defendants).  Doc. 1.  Plaintiffs each alleged, in relevant part, that they performed overtime work for Defendants, but Defendants did not pay

---

[1] Mr. Daka founded and owned SRC, and was SRC's chief executive officer (CEO).  *See* Docs. 1 at ¶¶ 7-11; 62-1 at 3.

them time-and-a-half for all of the overtime hours they worked. *Id*. at ¶¶ 57, 59, 94, 96, 132, 134. Thus, Plaintiffs each assert a claim against Defendants for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. *Id*. at 19-21. Plaintiffs also asserted various state law claims against Defendants, including common law unpaid wages, breach of oral contract, and unjust enrichment. *Id*. at 21-27.

The Clerk entered default against SRC in August 2016. Doc. 19.

In August 2017, Plaintiffs and Mr. Daka, on behalf of himself and as CEO of SRC, engaged in mediation. Docs. 47; 62-1. The parties settled the case, and executed a "Mediation Term Sheet" (Mediated Agreement) setting forth the following material terms of the settlement: 1) Defendants would pay Ms. Feulner at total of $2,833.35, Mr. Hitchner a total of $2,833.35, Ms. Shugart a total of $2,833.35, and a total of $4,000.00 in attorney fees and costs; 2) the parties would evenly divide the cost of mediation; 3) the parties would execute a more-comprehensive settlement agreement; and 4) Defendants would provide neutral references in the event a third-party inquires about Plaintiffs' employment with Defendants. Doc. 62-1.

After mediation, Plaintiffs provided Mr. Daka with a more-comprehensive settlement agreement, but he refused to execute that agreement. Plaintiffs moved to compel Defendants to comply with the Mediated Agreement and execute the settlement agreement drafted by Plaintiffs. Doc. 53. The undersigned held a hearing on the motion to compel and found that Plaintiffs had failed to provide any authority permitting the Court to compel Defendants to execute the settlement agreement drafted by Plaintiffs. *See* Doc. 61. Thus, the undersigned denied the motion to compel, and directed Plaintiffs to file a motion to approve the Mediated Agreement, if they so choose. *Id*.

On December 7, 2017, Plaintiffs filed a Motion to Approve Settlement Agreement (Motion), to which they attached the Mediated Agreement. Docs. 62; 62-1. Plaintiffs argue that

the Mediated Agreement constitutes a fair and reasonable resolution of their respective FLSA claims, and request that the Court grant the Motion, approve the Mediated Agreement, and dismiss the case with prejudice. *Id*. at 3-5. Plaintiffs certified that the Motion is opposed, *id*. at 5, but Mr. Daka has not filed a response in opposition to the Motion and the time for doing so has passed. Thus, the Motion is unopposed.

II.     **LAW**.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS.

#### A. The Settlement.

This case involves disputed issues about whether Plaintiffs performed overtime work for which they were not paid overtime wages. Docs. 1 at 19-21; 9; 62 at ¶ 6. Thus, this case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.

This case had been pending for more than a year when the parties reached a settlement. Thus, the parties have had ample time to exchange discovery and consider their respective positions and the likelihood of succeeding on their claims and defenses. Plaintiffs originally

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

claimed they were entitled to damages on their respective claims ranging between approximately $10,000.00 and $12,000.00, inclusive of liquidated damages. Docs. 21; 22; 23. Plaintiffs represent that they agreed to compromise their claims and settle the case in light of the complexity, expense and length of future litigation. Doc. 62 at 4.

Plaintiffs were represented by counsel throughout this case, while Defendants were not represented. Despite the fact that SRC was not represented by counsel, Mr. Daka was present at the mediation, and apparently negotiated on SRC's behalf in his capacity as CEO. *See* Doc. 62-1 at 3. Thus, it appears all parties were represented in one form or another during the mediation that resulted in the Mediated Agreement. Under the Mediated Agreement, Plaintiffs will each receive a total of $2,833.35 to resolve their respective claims against Defendants, including their FLSA claims.[5] Plaintiffs argue that this a fair and reasonable settlement of their FLSA claims against Defendants. This argument is unopposed. Upon consideration of the issues in this case, the Motion, and Mediated Agreement, the undersigned finds the Mediated Agreement is a fair and reasonable compromise of Plaintiffs' respective FLSA claims. Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiffs' respective FLSA claims.

---

[5] Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). Here, Plaintiffs represent that the parties disputed whether there had been a violation of the FLSA, and, consequently, whether Plaintiffs were entitled to liquidated damages. Doc. 62 at ¶ 6. In light of this dispute, Plaintiffs' apparent decision not to pursue liquidated damages does not render the Mediated Agreement unfair or unreasonable. *See Patterson v. Acad. Fire Prot., Inc.*, Case No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages).

### B. Attorney Fees and Costs.

Plaintiffs' counsel will receive a total of $4,000.00 in attorney fees and costs for representing Plaintiffs in this case. Docs. 62 at ¶ 15; 62-1 at ¶ 1. Plaintiffs represent that "the agreement between the parties to resolve Plaintiffs' underlying FLSA and wage claims [was] made without regard to the resolution of Plaintiffs' attorneys' fees and costs," and, consequently, the "parties separately agreed to settle Plaintiffs' attorneys' fees and costs." Doc. 62 at ¶ 15. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 62) be **GRANTED**;
2. The Court find the Mediated Agreement (Doc. 62-1) to be a fair and reasonable settlement of Plaintiffs' respective FLSA claims;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.  **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

      Recommended in Orlando, Florida on January 8, 2018.

                                            DANIEL C. IRICK
                                            UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy